# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SHERISA WOODSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1941-G (BF) |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for findings, conclusions, and recommendation, pursuant to 28 U. S. C. § 636(b). Before the Court for consideration is Defendant's Motion to Dismiss, filed November 18, 2010. Plaintiff has failed to file a Response, and the time to do so has expired. The Court recommends the motion be GRANTED.

Plaintiff's application for disability insurance benefits and supplemental security income benefits was denied by an Administrative Law Judge on April 28, 2010. (Complaint 2.) The Appeals Council denied her request for review on July 16, 2010. (Complaint 2.) Plaintiff filed this action on September 28, 2010. (Complaint 1.)

Section 405 of the Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). "Mailing" is interpreted as the date of receipt by the individual of the Appeals Council's notice of denial of a request for review or of the Appeals Council's decision. 20 C.F.R.

§ 404.981. The date of receipt is presumed to be five days after the date on the notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Appeals Council issued its notice denying Plaintiff's request for review on July 16, 2010. Therefore, Plaintiff is presumed to have received notice of the decision on July 21, 2010. Plaintiff did not file the instant civil action until September 28, 2010, more than sixty days after she received notice from the Appeals Council. Plaintiff has not shown any extraordinary circumstances that would justify extending the sixty-day period. Therefore, Plaintiff's Complaint should be dismissed as untimely filed.

The Court recommends Defendant's Motion to Dismiss be GRANTED.

SO RECOMMENDED, December 14, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE